IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| KAREN LOWY, individually and as parent and next friend of N.T.; ANTONIO HARRIS, | ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | )     Case No. 24-1822 ) |
| DANIEL DEFENSE, LLC; FAB DEFENSE, INC.; FAB MANUFACTURING & IMPORT OF INDUSTRIAL EQUIPMENT LTD.; BRAVO COMPANY USA, INC.; LOYAL 9 MANUFACTURING, LLC; FOSTECH, INC.; HEARING PROTECTION, LLC; CENTURION ARMS, LLC; MAGPUL INDUSTRIES CORP.; FEDERAL CARTRIDGE COMPANY; VISTA OUTDOOR, INC.; FIOCCHI OF AMERICA, INC.; FIOCCHI MUNIZIONI S.P.A.; SUREFIRE, LLC; TORKMAG, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants-Appellees, | ) ) |
| and | ) ) |
| STARLINE, INC.; JOHN DOES 1–20, | ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL**

The Court should deny Plaintiffs' motion for leave to file a hearing transcript

from an unrelated state trial court proceeding. Plaintiffs did not present this transcript

to the district court, and they seek to use the transcript to smuggle in new factual

1

allegations that appear nowhere in the operative complaint. The Court cannot consider the transcript as part of this appeal from a grant of a motion to dismiss, so the motion for leave to file the transcript should be denied.

Local Rule 28(b), which Plaintiffs' motion invokes, allows a party to file "a motion for leave" if it wishes to add "supplemental material" to the record. L.R. 28(b). But Local Rule 28(b) does not supply the legal standard to decide such motions. The permissible reasons for supplementing the record are contained elsewhere in the Federal Rules, and the Plaintiffs fail to satisfy any of them.

Federal Rule of Appellate Procedure 10(a) states that the record on appeal shall consist of "the original papers and exhibits filed in the district court," "the transcript of proceedings" in the case, and "a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P. 10(a). The transcript of a hearing in a previous, unrelated state-court case is none of those things. Most importantly, this transcript was not part of "the original papers and exhibits filed in the district court." *Id.* The hearing took place before this lawsuit was filed, but Plaintiffs made no effort to submit the transcript to the district court.

Rule 10(e), which permits some additions to the record, is inapplicable here. That Rule allows a "correct[ion]" of an "omission or misstatement" in the record made by an "error or accident" to be fixed on appeal. FED. R. APP. P. 10(e)(2). But Plaintiffs do not claim that their failure to present the *Green* transcript to the district

2

court was an excusable "error or accident." *Id.* This Court takes Rule 10(e)'s limitations seriously and has recently denied a similar motion to supplement the record because the material did not fall under the text of Rule 10(e). *See United States v. Heyward*, 42 F.4th 460, 467 n.3 (4th Cir. 2022).

Instead of relying on the avenue laid out in Rule 10(e), Plaintiffs attempt to shoehorn the transcript into the record under Local Rule 32.1(b), which requires that "[i]f a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited." L.R. 32.1(b). But that Rule has no application here. A transcript of a hearing is not an "opinion, order, judgment, or other written disposition." *Id.* Indeed, it is not even like those things. Each item on the list references a dispositional document; a document that relays a legally binding order. But this transcript involves no decision whatsoever. *Id.* So not only does this transcript fall outside of the plain text of the rule, but it also cannot be fairly deemed as equivalent to the examples listed in the rule's text.

Plaintiffs next contend that the transcript is simply a part of the public record that can be judicially noticed like "publicly available population statistics." Pls.' Mot. for Leave to file Suppl. Material, Doc. 66-1 at 2 (Oct. 28, 2024); *see* FED. R. EVID. 201. That argument is misleading. Judicial notice is only appropriate to

establish "the existence" of another court's proceedings. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Yet Plaintiffs' brief shows that they seek to use this document for the *truth* of an offhand remark made by a judge during oral argument. Specifically, Plaintiffs are attempting to make up for their failure to plead any facts to support their argument that a magazine is not a "component part" of an AR-15 by citing to a state trial judge's statement that:

> I may be the type of person that wants to fire one single bullet, check how it fired. Go downrange, check it out, bring back. Fire one single bullet and do it on and on again and, for example, there, it allows me to use the gun exactly how the manufacturers set it to be used. I'm firing the gun. I don't need a magazine to do any of that.

Appellants Br., Doc. 64 at 45 (Oct. 28, 2024). Plaintiffs cannot amend their complaint on appeal by introducing a hearing transcript from another case in which a judge speculates about whether an AR-15 could be fired without a magazine consistent with "how the manufacturers set it to be used."[1] *Id.* If Plaintiffs wanted to make this point, they needed to include it in their complaint and present it to the district court in the first instance, which they most certainly did not.

---

[1] Because Plaintiffs are attempting to use this transcript for an improper purpose, the Court should "decline to exercise any inherent equitable authority to supplement the record on appeal [the Court] may have beyond the scope of" the federal rules. *Heyward*, 42 F.4th at 467 n.3 (quotation marks omitted). Additionally, it does not appear that this Court has decided whether this authority exists, and a motion where the movant does not even invoke inherent equitable authority would be an inopportune time to do so.

Date: November 12, 2024

/s/ David C. Bowen
David C. Bowen
Forrest M. Via
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
dbowen@wilsav.com
fvia@wilsav.com

V.R. Bohman
Cameron J. Schlagel
SNELL & WILMER, LLP
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
vbohman@swlaw.com
cschlagel@swlaw.com

*Counsel for Defendant-Appellee
Daniel Defense, LLC*

/s/ Jeremy Adelson
Jeremy Adelson
HANSEN REYNOLDS LLC
301 N. Broadway, Suite 400
Milwaukee, Wisconsin 53202
Telephone: (414) 326-4043
jadelson@hansenreynolds.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson
Brian W. Barnes
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com
bbarnes@cooperkirk.com

*Counsel for Defendants-Appellees
Magpul Industries Corp. and
SureFire, LLC*

/s/ Alan D. Bart
Alan D. Bart
REED SMITH LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Telephone: (804) 344-3400
abart@reedsmith.com

James B. Vogts
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
jvogts@smbtrials.com

*Counsel for Defendants-Appellees
Vista Outdoor, Inc. and Federal
Cartridge Company*

/s/ David C. Bowen

Alan W. Nicgorski
HANSEN REYNOLDS LLC
150 S. Wacker Drive, 24th Floor
Chicago, Illinois 60606
(312) 265-2253
anicgorski@hansenreynolds.com

Charles E. James, Jr.
Meredith M. Haynes
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6529
cjames@williamsmullen.com
mhaynes@williamsmullen.com

Camden R. Webb
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
Telephone: (919) 981-4000
cwebb@williamsmullen.com

*Counsel for Defendant-Appellee
Bravo Company USA, Inc.*

*/s/ Abram J. Pafford*
Abram J. Pafford
Jonathan Y. Ellis
MCGUIREWOODS LLP
888 16th Street N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 857-1725
Facsimile: (202) 828-3350
apafford@mcguirewoods.com

Harley J. Goldstein, Esq.
Neha Khandhadia, Esq.
(admission forthcoming)

David C. Bowen
Forrest M. Via
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
dbowen@wilsav.com
fvia@wilsav.com

Scott L. Braum
Timothy R. Rudd
BRAUM | RUDD
812-C East Franklin Street
Dayton, Ohio 45459
Telephone: (937) 396-0089
Facsimile: (937) 396-1046
slb@braumrudd.com
trr@braumrudd.com

*Counsel for Defendants-Appellees
Loyal 9 Manufacturing, LLC d/b/a
Sons of Liberty Gun Works, FosTech,
Inc., and Centurion Arms, LLC*

*/s/ Nicholas P. Vari*
Nicholas P. Vari
Andrew N. Cook
K&L GATES, LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-8365
Nicholas.Vari@klgates.com
Andrew.Cook@klgates.com

*Counsel for Defendants-Appellees
Fiocchi of America, Inc. and Fiocchi
Munizioni S.P.A.*

6

111 West Washington Street
Suite 1221
Chicago, Illinois 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
nehak@goldmclaw.com

*Counsel for Defendants-Appellees FAB Manufacturing & Import of Industrial Equipment Ltd. and FAB Defense, Inc.*

/s/ Christopher Renzulli
Christopher Renzulli
David A. Jones
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
crenzulli@renzullilaw.com
djones@renzullilaw.com

*Counsel for Defendants-Appellees Hearing Protection, LLC and TorkMag, Inc.*

## CERTIFICATE OF COMPLIANCE

This response complies with the length limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 913 words.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

Dated: November 12, 2024

/s/ David H. Thompson
David H. Thompson

*Counsel for Defendants-Appellees*
*Magpul Industries Corp. and*
*SureFire, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2024, a true and accurate copy of the foregoing response was filed electronically with the Clerk of the Court and served on counsel of record using the CM/ECF system.

/s/ David H. Thompson
David H. Thompson

*Counsel for Defendants-Appellees*
*Magpul Industries Corp. and*
*SureFire, LLC*