# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

Brian W. Barnes
bbarnes@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

June 17, 2025

**VIA CM/ECF**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

    RE: *Lowy v. Daniel Defense, LLC, et al.*, No. 24-1822

Dear Ms. Anowi:

    *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, No. 23-1141 (U.S. June 5, 2025) ("Op."), held that the Protection of Lawful Commerce in Arms Act ("PLCAA") barred Mexico's suit against the firearms industry for allegedly aiding and abetting firearm sales to criminals. The Court made three points relevant here.

    First, "Congress enacted [PLCAA] to halt a flurry of lawsuits attempting to make gun manufacturers pay for the downstream harms resulting from misuse of their products[,]" and the predicate exception cannot be interpreted so broadly as to "swallow" that general rule. Op.15. Plaintiffs' arguments would do precisely that by reading the proximate-causation requirement out of PLCAA. Reply Br. 18-20. Plaintiffs' arguments would also swallow the general rule by denying protection to magazines that are necessary for popular firearms to function as designed, *id*. at 8-10, and withholding immunity from sellers of firearm components because they lack component-specific licenses that do not exist, *id*. at 10-11.

    Second, PLCAA "allows for accomplice liability *only* when a plaintiff makes a plausible allegation that a gun manufacturer *participated* in a firearms violation as

in something that it wished to bring about and sought to make succeed." Op.15 (cleaned up and emphasis added). Mexico did not plausibly plead aiding-and-abetting liability merely by alleging that firearm manufacturers knew that "rogue" dealers sold guns to cartel members. Op.10-12. Plaintiffs similarly do not allege that any Defendant *participated* in the Shooter's unlawful conduct or even knew of his existence. Defs.' Br. 23.

Third, Mexico's allegation that the defendants " 'design[ed] and market[ed]' … 'military style' assault weapons" that appeal to cartel members "add[ed] nothing of consequence" to the complaint because firearm defendants cannot be liable for selling "legal" products that criminals also "like." Op.13-14. The district court correctly granted the motion to dismiss even though Mexico alleged that the defendants had marketed their products in a way that appealed to drug cartels. Plaintiffs are similarly suing Defendants for marketing products that are "widely legal and bought by many ordinary consumers." Op.14. Speculative allegations that Defendants' marketing appealed to a criminal are no basis for liability. Defs.' Br. 18-22.

Sincerely,

/s/Brian W. Barnes
Brian W. Barnes
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
bbarnes@cooperkirk.com

*Counsel for Defendants-Appellees Magpul Industries Corp. and SureFire, LLC*

cc: All counsel of record via CM/ECF