

501 H St NE, Suite 200
Washington, D.C. 20002
(202) 651-2475 | www.alilockwood.com

June 20, 2025

**VIA CM/ECF**

Nwamaka C. Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re: *Lowy v. Daniel Defense, LLC, et al.*, No. 24-1822

Dear Ms. Anowi,

    We represent Appellants in the above-referenced matter and write in response to Appellees' recent submission under Federal Rule of Appellate Procedure 28(j), *see* Doc. 127, which attempts to stretch *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, No. 23-1141 (U.S. June 5, 2025) ("Op."), far beyond its bounds. That decision has no bearing on this case, given the Court's express finding that it "need not address the proximate cause question" raised by the gun manufacturers, because it instead found "that Mexico has not plausibly alleged aiding and abetting" despite relying "exclusively on an aiding-and-abetting theory." Op.7. Appellees' points confirm the decision offers nothing pertinent here:

    First, the Court's discussion of the purpose of the Protection of Lawful Commerce in Arms Act, Op.15, does not break any new ground, and merely reiterates the Act's "findings" and "purposes" section that the parties have briefed. *See, e.g.*, Reply 19-20.

    Second, because none of Appellants' claims relies on an aiding-and-abetting theory, the Court's interpretation of "accomplice liability" is irrelevant here. Doc. 127. Instead, Appellants' allegations focus on Appellees' own deceptive marketing practices—direct actions that are themselves unlawful under various state laws. *See* Opening Br. 49-63.

    Third, Appellees rewrite the Court's conclusion that "manufacturers cannot be charged with assisting in criminal acts just because Mexican cartel members like those guns too," Op.14, to say that "firearm defendants cannot be liable for selling 'legal' products that criminals also 'like,'" Doc. 127 at 2. This is an inaccurate overexpansion of the decision, which, again, did not even address proximate causation. In any event, Mexico's alleged chain of causation is far more attenuated than Appellants', which focuses on manufacturers' marketing of their products directly to violent young men, including the Shooter. Opening Br. 59-60 (distinguishing the First Circuit's underlying decision in *Smith & Wesson*); *see also id.* 56-63 (further explaining why Appellants have alleged proximate cause); Reply 15-22 (same). And because Appellants have adequately alleged that the predicate exception "is satisfied," Appellees' "predicate violation opens a path to making a gun manufacturer civilly liable for the way [the Shooter] has used the weapon it made." Op.2.

Respectfully submitted,

*/s/ Elizabeth C. Lockwood*
Elizabeth C. Lockwood
Ali & Lockwood LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475
liz.lockwood@alilockwood.com

*Counsel for Appellants*