# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

Brian W. Barnes
bbarnes@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

October 2, 2025

**VIA CM/ECF**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

     RE: *Lowy v. Daniel Defense, LLC, et al.*, No. 24-1822

Dear Ms. Anowi:

     Defendants submit this letter to notify the Court of *Sheppheard v. Morrisey*, 143 F.4th 232 (4th Cir. 2025), an opinion of this Court that bears on the issues presented in this appeal. In *Sheppheard*, this Court analyzed whether alleged injuries suffered by a handful of inmates on account of "unconstitutional conditions of overcrowding, understaffing, and deferred maintenance" were traceable to West Virginia's Governor and Secretary of the West Virginia Department of Homeland Secretary. *Id.* at 238 (cleaned up).

     To establish traceability, the inmates had to show that the defendants, "and not . . . some other official," "caused" their injuries. *Id.* at 243. Doing so was difficult because the Governor and Secretary of State were not the officials who ran the prisons. As this Court explained, "[w]hen multiple actors are involved, a plaintiff can establish causation *only if* the defendant's conduct had a 'determinative or coercive effect upon the action of someone else.'" *Id.* (emphasis added) (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)). Neither defendant in *Sheppheard* met that standard because their actions did not have a determinative or coercive effect on the prisons' "overcrowding, understaffing, and deferred maintenance." *Id.* at 238, 244.

     *Sheppheard* reaffirms that the only way to establish traceability in a case concerning injuries directly caused by a third party not before the Court is if "defendant's conduct had a 'determinative or coercive effect'" on that third party.

*Id.* at 243 (quoting *Bennett*, 520 U.S. at 169). It is thus inconsistent with Plaintiffs' proposed "predictable effect" test, Pls.' Br. at 27-31, which would abrogate the requirement that the defendant's action be a but-for cause of the plaintiff's injury.

                                                Respectfully submitted,

                                                /s/ Brian W. Barnes
                                                Brian W. Barnes
                                                    *Counsel of Record*
                                                COOPER & KIRK, PLLC
                                                1523 New Hampshire Ave., N.W
                                                Washington, D.C. 20036
                                                Tel: (202) 220-9600
                                                bbarnes@cooperkirk.com

                                                *Counsel for Defendants-Appellees*
                                                *Magpul Industries Corp. and*
                                                *SureFire, LLC*

cc: All counsel of record via CM/ECF