

501 H St NE, Suite 200
Washington, D.C. 20002
(202) 651-2475 | www.alilockwood.com

October 7, 2025

**VIA CM/ECF**

Nwamaka C. Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re: *Lowy v. Daniel Defense, LLC, et al.*, No. 24-1822

Dear Ms. Anowi,

      We represent Appellants in the above-referenced matter and write in response to Appellees' recent submission regarding this Court's ruling in *Sheppheard* v. *Morrisey*, 143 F.4th 232 (4th Cir. 2025), s*ee* Doc. 143, a decision that discusses Article III principles that the parties have already briefed and applies them in the context of prisoners' standing to bring an Eighth Amendment conditions of confinement claim against the Governor of West Virginia and his Secretary of the Department of Homeland Security.

      *Sheppheard* briefly references the "determinative or coercive effect" standard, 143 F.4th at 243, but does not go so far to say—as Appellees claim—that this is the "only way to establish traceability" in a case such as this. Doc. 143 at 1. *See also Sheppheard*, 143 F.4th at 243 (emphasizing that "[t]raceability does not require that a defendant's actions be the sole or even immediate cause of [a plaintiff's] injury" (internal quotation marks omitted)). Indeed, this Court in *Sheppheard* did not need to grapple with whether a third-party's intervening actions broke the causal chain, because plaintiffs did so "little to explain how the [defendants'] action or inaction caused" "unsafe and unsanitary conditions in their facilities" in light of defendants' complete lack of "appropriation power and [] statutory authority to enact policies and procedures for [those] facilities" in the first place. *Id.* at 243–44, 248 ("general authority to enforce the laws . . . is not sufficient" to satisfy Article III traceability, particularly where another official carried out the "day-to-day operations") (quotations omitted). Appellants here, in contrast, allege that Appellees deliberately designed their marketing and advertising campaigns to target young men like the Shooter, and that the Shooter was exposed to those campaigns before he decided to commit the Shooting.

      *Sheppheard* therefore does not address or resolve whether Appellants may satisfy Article III traceability by alleging that the Shooter's actions were the "predictable effect" of Defendants' deceptive marketing practices, or whether the "determinative or coercive effect" standard is the

exclusive test under Article III. But as the briefing addresses at length, Appellants' allegations satisfy both standards. *See* Opening Br. 27–37, Doc. 64; Reply Br. 3–7, Doc. 114.

Respectfully submitted,

/s/ *Elizabeth C. Lockwood*

Elizabeth C. Lockwood
Ali & Lockwood LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475
liz.lockwood@alilockwood.com

*Counsel for Appellants*